IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**GARY LYNN CHRISTIAN,**

      **Plaintiff,**

v.                                                                  **Case No. 3:18-cv-01370**

**DARLENE HAIL;**
**RICKY HAIL;**
**LAKKEN HILL,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and a Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the

court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

To state a claim against a defendant under 42 U.S.C. § 1983, the plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. In order to satisfy this burden, the plaintiff must include *factual* statements in the complaint, including dates and events, which set forth how *each* named defendant allegedly violated Plaintiff's civil or constitutional rights.

For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a particular defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694 (1978). Therefore, claims asserted against an individual solely because he or she is an employer or supervisor are not cognizable under § 1983. Supervisory officials may be held liable for the constitutional violations of those in their charge only when "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in the constitutional injuries [the subordinates] inflict on those committed to their care." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368, 372-73 (4th Cir. 1984)). To state a claim against an individual under a theory of supervisory liability, Plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to

show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Consequently, Plaintiff may only name a supervisor or administrator as a defendant when the supervisor or administrator has personally violated Plaintiff's rights, or the allegations against him or her meet the three prongs of a supervisory liability claim.

In the Complaint filed in this case, Plaintiff names three defendants. Plaintiff claims that he was the victim of discrimination on the basis of his sexual preference and was fired from his job as an inmate food service worker as a result of that discrimination. However, Plaintiff does not include **any facts** in the Complaint that specifically describe the actions or statements of the three defendants, which were allegedly discriminatory or which resulted in Plaintiff's termination from his food service job. Indeed, the Complaint does not even identify who the defendants were and what involvement they had in food service at the Western Regional Jail. Accordingly, Plaintiff is hereby **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order and provide the following information:

1. Plaintiff shall state the date on which he began working as an inmate food service worker and the date on which he was terminated.

2. Plaintiff shall explain the role that each named defendant played in food service at the Jail and shall further explain the role each named defendant played in Plaintiff's termination.

3. Plaintiff shall state any and all facts that he believes support his claim that the defendants discriminated against him based on sexual preference.

4. Plaintiff shall include any other facts describing the relevant events leading up

3

to and around the time of his termination.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the Complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** November 7, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge