# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GARY LYNN CHRISTIAN,

        Plaintiff,

v.                                        Civil Case No. 3:18-01370

ADRIA DARLENE HALE;
RICHARD HALE; and
LAKKEN HILL,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Objection to the Proposed Findings and Recommendation ("PF&R"). ECF No. 28. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R (ECF No. 27), **GRANTS** the Motion to Dismiss of Defendants Adria Hale and Richard Hale (ECF No. 17), **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 21), **DISMISSES** Plaintiff's Complaint against Defendant Hill, and **REMOVES** this case from the Court's docket.

## I.
## PROCEDURAL BACKGROUND

On October 22, 2018, Plaintiff Gary Christian filed a *pro se* Complaint, alleging that he was discriminated against based on his sexual orientation when he was fired from his inmate employment assignment at the Western Regional Jail and Correctional Facility. ECF No. 2, at 4. On November 7, 2018, the Honorable Cheryl A. Eifert, Magistrate Judge, issued an Order advising Plaintiff that his Complaint failed to state a cognizable claim. ECF No. 4. Plaintiff was instructed to amend his Complaint to cure the identified deficiencies, and Plaintiff did so on November 28,

2018. ECF No. 5. Defendants Adria and Richard Hale were then served by the United States Marshals Service, but Defendant Lakken Hill was not located or served. ECF Nos. 11, 12, 26.

On January 29, 2019, Defendants Adria and Richard Hale filed a Motion to Dismiss, and on February 19, 2019, Plaintiff filed a Motion to Appoint Counsel. ECF Nos. 17, 21. After consideration of the motions, the Magistrate Judge filed the present PF&R on June 27, 2019, in which she recommends that Plaintiff's motion be denied, the motion of Defendants Adria and Richard Hale be granted, Plaintiff's Complaint against Defendant Hill be dismissed, and the case be removed from the docket. ECF No. 27. Plaintiff filed a timely objection to the PF&R on July 15, 2019. ECF No. 28

## II.
## LEGAL STANDARD

In reviewing the PF&R, this Court must "make a de novo determination of those portions of . . . [the Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

When a party acts *pro se*, the Court must liberally construe his pleadings and objections. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, failure to raise specific errors waives the right to *de novo* review because "general or conclusory" objections do not warrant such

review. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (other citation omitted)). "[V]ague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless." *Id.* (citation omitted).

## III.
## DISCUSSION

Magistrate Judge Eifert recommends that Defendants Adria and Richard Hale's Motion to Dismiss be granted, Plaintiff's Motion to Appoint Counsel be denied, and Plaintiff's Complaint against Defendant Hill be dismissed. Plaintiff's "Objection" in response state as follows:

> Plaintiff has stated a claim for which relief can be granted against the Defendants under 42 U.S.C. § 1983[.] Plaintiff was denied my civil rights protected under the Constitution and law[s] of the United States and was caused by agents or employees acting with authority of the state under color of state law. The Defendants were man[a]ging and directing the only food operation at the Western Regional Jail . . . so the Court is dismissing my case against the Defendants [or] am I reading it wrong[?] I am not sure could you please explain . . . [the] Proposed Findings and Recommendations[?] Thank you in this matter. /s/ [Has] my case been dismissed[?]

ECF No. 18, at 2–3.

Thus, Plaintiff's "Objection" to the PF&R merely asserts in a conclusory fashion that Plaintiff has stated a claim and met the elements of a Section 1983 claim. As Plaintiff has failed "to raise specific errors," he has waived his right to *de novo* review, and the Court applies the clearly erroneous standard. After reviewing the Magistrate Judge's recommendations and her reasoning behind them, the Court finds that they are not clearly erroneous and, therefore, upholds the recommendations of the Magistrate Judge.

## IV.
## CONCLUSION

Accordingly, for the above listed reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R (ECF No. 27), **GRANTS** the Motion to Dismiss of Defendants Adria Hale and Richard Hale (ECF No. 17), **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 21), and **DISMISSES** Plaintiff's Complaint against Defendant Hill. Consistent with this, the Court **ORDERS** this case removed from the docket.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 13, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] To be clear and to specifically address Plaintiff's question in this "Objection," this case is dismissed.